UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MELISSA ORR,<br><br>               Plaintiff,<br><br>v.<br><br>7-ELEVEN, INC.,<br><br>               Defendant. | CIVIL ACTION NO. **4:19-cv-40115** |

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS.

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant 7-Eleven, Inc. ("7-Eleven"), hereby gives notice of the removal to this Court of an action brought against it by the plaintiff, Melissa Orr, which was filed in the Commonwealth of Massachusetts, Worcester County Superior Court, Civil Action No. 1985CV-1178B ("State Court Action"). As grounds for this removal, 7-Eleven states as follows:

### BACKGROUND

1.      On or about August 15, 2019, plaintiff commenced the State Court Action against 7-Eleven by filing a complaint entitled "*Melissa Orr v. 7-Eleven, Inc.*, Civil Action No. 1985CV-1178B, Complaint and Jury Demand" in Worcester Superior Court, Massachusetts. A copy of the Complaint was served on 7-Eleven on August 21, 2019. A true and accurate copy of all pleadings served on 7-Eleven in this action are attached as Exhibit A.

2.      Plaintiff asserts claims against 7-Eleven stemming from her employment with 7-Eleven. Specifically, Plaintiff asserts that 7-Eleven discriminated against her on the basis of

her sex and pregnancy in violation of MASS. GEN. LAWS ch. 151B.   Plaintiff further asserts

claims of breach of contract/promissory estoppel, breach of the covenant of good faith and fair

dealing, and wrongful termination in violation of public policy.  Plaintiff seeks to recover "her

damages, including but not limited to lost income and compensation for emotional distress, as

well as her attorneys' fees and costs incurred in bringing this claim."   (Compl. ¶¶ 31, 34).

Plaintiff further seeks "other and further relief as the Court deems appropriate."  (Compl. ¶ 42).

## I.      GROUNDS FOR REMOVAL

3.      Plaintiff's action is a civil action over which this Court has diversity jurisdiction

pursuant to 28 U.S.C. § 1332 and is one which 7-Eleven is entitled to remove to this Court

pursuant to 28 U.S.C. §§ 1441 and 1446 because the action is between citizens of different states

and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and

costs.

4.      Plaintiff resides in Fitchburg, Massachusetts.  (Compl. ¶ 1).

5.      7-Eleven is a Texas corporation with its principal place of business in the State of

Texas.

6.      Although Plaintiff did not itemize her damages in the Civil Action Cover Sheet

filed with her Complaint,[1] if plaintiff were to prevail on her claims under MASS. GEN. LAWS

ch. 151B and her other asserted claims, she has a realistic expectation of recovering damages in

excess of $75,000.  *See Williams v. Toys "R" Us – Delaware, Inc.,* No. CV 15-13943-MLW,

2016 WL 5723588, at *1 (D. Mass. Sept. 28, 2016) ("Courts in this district and elsewhere have

held that although a civil cover sheet may provide evidence of the amount in controversy, it is

'not in itself dispositive.'").

---

[1]      *See* Civil Action Cover Sheet in Case No. 1985CV-1178B, attached as Exhibit B (listing total damages of $25,000+).

7.      As mentioned above, Plaintiff seeks to be compensated for "lost income" since her termination from 7-Eleven on March 4, 2017.  Potential back pay can be considered when determining if the jurisdictional threshold has been met. *See, e.g., Hardemon v. City of Boston*, 144 F.3d 24, 28 (1st Cir. 1998).  At the time of her termination from 7-Eleven, Plaintiff earned $11.00 per hour.  *See* Exhibit C (Plaintiff's 2017 paystubs).  Over the course of her employment at 7-Eleven, Plaintiff worked an average of about 26 hours per week, and therefore, earned on average, about $286 per week.  *See* Exhibit D (Plaintiff's timecards).  Plaintiff has therefore accrued 131 weeks of backpay – or $37,466 – as of the date of this filing.  Furthermore, the expected duration of litigation should be considered when determining the overall amount in controversy.  *Lucas v. Ultima Framingham LLC*, 973 F. Supp. 2d 98, 103 (D. Mass. 2013) (finding at the time of removal that it would have been reasonable to expect that wrongful termination case under MASS. GEN. LAWS ch. 149 would continue for eight months to several years); *Bates v. Life Care Centers of Am., Inc.*, 989 F. Supp. 2d 176, 179 (D. Mass. 2013).  Using a conservative estimate that the litigation here would last 12 additional months from the date of this filing (or about 52 weeks), Plaintiff would accrue an additional $14,872 in backpay, for a total of $52,338 in backpay.

8.      Front pay, which is awarded for lost salary during the period between judgment and reinstatement, or in lieu of reinstatement, would also be recoverable under Chapter 151B, and therefore should be taken into account when calculating the amount in controversy.  *See Williams*, 2016 WL 5723588, at *2.  Plaintiff would earn an additional $14,872 per year in front pay in lieu of reinstatement.

9.      In addition to damages for lost income, Plaintiff seeks damages for "emotional distress, as well as her attorneys' fees and costs incurred in bringing this claim." (Compl. ¶¶ 31,

34).  To the extent the plaintiff is able to establish emotional distress, her compensatory damages could be significantly higher. *See, e.g., Dalrymple v. Town of Winthrop*, 740 N.E.2d 204, 211 (2000) (affirming jury verdict of $200,000 for emotional distress in sex discrimination and retaliation case); *Brissette v. Franklin County, Sheriff's Office*, 235 F. Supp. 2d 63, 95 (D. Mass. 2003) (awarding $150,000 for emotional distress to each plaintiff for sex discrimination, harassment, and retaliation case);  *Haddad v. Wal-Mart Stores, Inc.*, 914 N.E.2d 59, 63 n.3 (2009) (affirming jury award of $972,774 in compensatory damage, which included $125,000 for emotional distress, in sex discrimination case).

10.     Punitive damages are also recoverable under Chapter 151B.  MASS GEN. LAWS ch. 151B, § 9.  While Plaintiff does not explicitly request punitive damages in her Complaint, she does make a generic request for "other and further relief as the Court deems appropriate." (Compl. ¶ 42).   At least one Massachusetts court has found that such a request for punitive damages may be inferred from such a generic request, and therefore, no specific request for punitive damages is required.  *See Bain v. City of Springfield*, 678 N.E.2d 155, 162 n.5 (1997). Accordingly, if Plaintiff is able to establish that 7-Eleven's conduct warrants punitive damages, the total damages could easily increase by a significant amount. *See, e.g., Dalrymple*, 740 N.E.2d at 211 (affirming jury verdict of $300,000 for punitive damages in sex discrimination and retaliation case); *Haddad*, 914 N.E.2d at 63, 74, 78 (reinstating jury award of $1 million for punitive damages in sex discrimination case); *Beaupre v. Cliff Smith & Assoc.*, 738 N.E.2d 753, 768 (2000) (Mass. App. Ct. 2000) (affirming a jury verdict of $87,500 in punitive damages for discrimination based on sexual harassment).

11.     Therefore, in light of the allegations and claimed damages, the amount in controversy exceeds $75,000.  Because Plaintiff is a citizen of Massachusetts, and for diversity

jurisdiction purposes, 7-Eleven is a citizen of Texas, this Court has diversity jurisdiction over all claims pursuant to 28 U.S.C. § 1332, and removal jurisdiction pursuant to 28 U.S.C. § 1441(b).

12.      Venue is proper in this district under 28 U.S.C. § 1441(a) because the court where the State Court Action is pending is located in this district.

## II.      REMOVAL IS TIMELY

13.      28 U.S.C. § 1446 establishes the time frames and procedure to properly effectuate removal, and sets forth, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendants, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

14.      7-Eleven was served with the summons and a copy of plaintiff's Complaint on August 21, 2019.

15.      This Notice of Removal has been timely filed.

## III.     ALL OTHER PROCEDURES FOR REMOVAL HAVE BEEN FOLLOWED

16.      28 U.S.C. § 1446(a) requires a defendant seeking to remove a civil action to file "a copy of all process, pleadings, and orders served upon such . . . defendants in such action." The document attached hereto as Exhibit A includes "all process, pleadings and orders served" upon 7-Eleven in the State Court Action to date.

17.      All adverse parties to this action have been provided with written notice of the filing of this removal, as required by 28 U.S.C. § 1446(d), as evidenced by the attached Certificate of Service.

18.      7-Eleven will cause to be filed with the clerk for the Superior Court of Worcester County, Massachusetts, a copy of this Notice of Removal, as required by 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal.

Respectfully submitted,

7-Eleven, Inc.
By its Attorneys,


*/s/ Christine M. Netski*
Christine M. Netski, BBO #546936
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, Suite 900
Boston, MA 02114-4737
(617) 227-3030
netski@sugarmanrogers.com

Eric A. Welter (*Pro Hac Vice forthcoming*)
Welter Law Firm, P.C.
20130 Lakeview Center Plaza, Suite 400
Ashburn, VA 20147
(703) 435-8500
eaw@welterlaw.com


Dated:  September 10, 2019

## CERTIFICATE OF SERVICE

I, Christine M. Netski, hereby certify that on September 10, 2019 I served the foregoing document by emailing and mailing a copy of same, postage prepaid, to the following counsel of record:

Benjamin C. Rudolf, Esq.
Murphy & Rudolf, LLP
One Mercantile Street, Suite 740
Worcester, Massachusetts 01608
brudolf@murphyrudolf.com

*Attorney for Plaintiff*

/s/ *Christine M. Netski*
Christine M. Netski

4841-7411-3956, v. 1